UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> V.  § <br> § <br> EDWIN OLIVARES-CALDERON § <br> & § <br> MARCOS OLIVARES-CALDERON § | CRIMINAL NO. 4:21-cr-00082 |

GOVERNMENT'S TRIAL BRIEF

The United States of America ("Government") files this trial brief regarding the following issues: (1) admissibility of co-conspirator statements under Fed. Rule of Evidence 801(d)(2)(E) and (2) admissibility of Defendant's character under to Fed. Rule of Evidence 404 and 405:

I.

Co-conspirator Statements
(Fed. Rule of Evidence 801(d)(2)(E))

Federal Rule of Evidence 801(d)(2)(E) defines statements that are offered against an opposing party and that were made by the party's co-conspirator during and in furtherance of the conspiracy as non-hearsay. The Government anticipates introducing co-conspirator statements during its case-in-chief.

A.
Co-conspirator Statements are not Testimonial

The U.S. Supreme Court held in *Crawford v. Washington*, 541 U.S. 36 (2004) that the Sixth Amendment Confrontation Clause bars the admission of "testimonial" hearsay unless (1) the declarant testifies at trial or (2) the declarant is unavailable to testify and was previously subjected to cross-examination concerning the statement. Without articulating a comprehensive

definition, the *Crawford* Court described "testimonial" as "typically a solemn declaration or affirmation made for the propose of establishing or proving some fact. This includes, "at a minimum, prior testimony at a preliminary hearing, before a grand jury, or at a formal trial," as well as "police interrogations." *United States v. Noria*, 945 F.3d 847 (5th Cir. 2019).

In *United States v. Holmes*, 406 F.3d 337, 348 (5th Cir. 2005), the Court held that co-conspirator statements under Fed. Rule of Evidence 801(d)(2)(E) are not testimonial and therefore not subject to *Crawford*.

B.
Admissibility of Co-conspirator Statements

In determining whether to introduce a co-conspirator statement, the trial court must decide, by a preponderance of the evidence, that there is enough evidence of a conspiracy involving the declarant and the non-offering party and that the statement was made "in the course of and furtherance of the conspiracy." *Bourjaily v. United States*, 483 U.S. 171 (1987); *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (*Bourjaily,* however modified *James*. The Supreme Court allowed the trial court to consider the hearsay statements sought to be admitted along with the other evidence when making a preliminary determination as to the conspiracy's existence and the defendant's participation in it.)

C.
In the Course and Furtherance of the Conspiracy

Once the trial court determines that there is sufficient evidence of the conspiracy, it must determine whether the statement was made in the course and furtherance of the conspiracy. In this case, the Government intends to introduce co-conspirator statements that identify the Defendant as well as his role in the drug trafficking, robbery and firearm conspiracies.

To be considered "in furtherance of the conspiracy," the "statement itself or the conversation as a whole" should be "intended to advance, facilitate or promote the ultimate conspiratorial objective." *Ebron*, 683 F.3d at 135-36 (quoting *United States v. Cornett*, 195 F.3d 776, 783 (5th Cir. 1999) (internal quotation marks omitted)). The Fifth Circuit does not interpret the "in furtherance" requirement too strictly. *Cornett*, 195 F.3d at 782. The existence of the conspiracy itself need only satisfy the court that the evidence is "credible and sufficient to support a finding of a joint [criminal] undertaking." *United States v. Martinez*, 481 F.2d 214, 221 (5th Cir. 1973).

Who is part of the conspiracy is also interpreted broadly. For instance, declarations of an unindicted co-conspirator may be used against a charged conspirator. *See United States v. Asibor*, 109 F.3d 1023, 1033 (5th Cir. 1997). All that is required is evidence of a "concert of action, in which the defendant was a participant." *United States v. Dawson*, 576 F.2d 656, 659 (5th Cir. 1978) (internal citations and quotation marks omitted). Even statements made by an individual *prior* to joining the conspiracy are admissible so long as there is evidence of a "subsequent knowledge and willingness to participate" in the conspiracy. *United States v. Osgood*, 794 F.2d 1087, 1093 (5th Cir. 1986).

Statements of a co-conspirator identifying a fellow co-conspirator are made in furtherance of the conspiracy. *United States v. Williams*, 604 F.2d 1102, 1113 (8th Cir. 1979); *United States v. Roldan-Zapata*, 916 F.2d 795, 803 (2nd Cir. 1990) (where co-defendant told a potential drug purchaser that the defendant was "El Jefe" – "the boss" – that statement was admissible as a co-conspirator statement since it "furthered the conspiracy's purpose by informing [the purchaser]

of the identity and role of [the defendant] and reassuring him to proceed with the transaction in the presence of someone with whom he was not familiar").

The Court in *United States v. Broussard*, 80 F.3d 1025, 1039 (5th Cir. 1996) held that the requirement that a co-conspirator's statement be "in furtherance of" the conspiracy is not to be construed too strictly lest the purpose of the exception be defeated.

The 5th Circuit has found that the following statements to be "in furtherance of" a conspiracy: a statement that identifies the role of one co-conspirator to another; statements conveying "information [that] could have been intended to affect future dealings between the parties; and puffing, boasts, and other conversation . . . when used by the declarant to obtain the confidence of one involved in the conspiracy. *United States v. Burton*, 126 F.3d 666 (5th Cir. 1997).

The 10th Circuit has found the following statements to be "in furtherance of" a conspiracy: statements explaining events of importance to the conspiracy; statements between co-conspirators with provide reassurance; statements which serve to maintain trust and cohesiveness among them; statements which inform each other of the current status of the conspiracy; statements identifying a fellow co-conspirator; and discussions of future intent that set transactions to the conspiracy in motion or that main the flow of information among conspiracy members. Additionally, statements identifying members of the conspiracy, discussing particular roles of other conspirators, and avoiding detection by law enforcement are made "in furtherance of" a conspiracy. *United States v. Bhula*, 2021 U.S. Dist. LEXIS 183076 (U.S. District Court of New Mexico 2021).

The trial court is not required, however, to hold a pretrial hearing on these foundational requirements before admitting a co-conspirator statement. *See United States*

*v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992) (approving the "district courts' practice of carrying a motion to challenge the admission of co-conspirator statements [a "*James* motion"] through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made"); *see also United States v. Lechuga*, 888 F.2d 1472, 1479 (5th Cir. 1989) (denying motion to exclude co-conspirator statements "at the *close* of the government's evidence") (emphasis added). When or how to hear such a challenge is within the broad discretion of the trial court. *See United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1224 (5th Cir. 1994). On review, the Fifth Circuit instructs court to, at some point in the record, make findings as to the predicate facts required by Rule 801(d)(2)(E). *Fragoso*, 978 F.2d at 900-01. All that is required is that the evidentiary factors are supported by a preponderance of the evidence. *Id*.

At the conclusion of the Government's case-in-chief, the Government will ask the Court to make a finding that when it allowed the introduction of co-conspirator statements under Fed. Rule of Evidence 801(d)(2)(E) it found by a preponderance of the evidence: (1) that a conspiracy existed between the declarant, the Defendant and others and (2) that the statements were made "in furtherance of" the conspiracy.

Where a co-conspirator statement is not made in furtherance of the conspiracy, it may still be admissible as a statement against penal interest under Federal Rule of Evidence 804(b)(3). The Fifth Circuit has construed, for example, statements evincing a co-conspirator's knowledge, assent to, or interest in covering up past conduct to be sufficiently against penal interest to warrant admittance either under Rule 804(b)(3) or even an "excited utterance" under Rule 803(2). *Ebron*, 683 F.3d at 136.

II.

Evidence of Defendant's Character
(Fed. Rules of Evidence 404 and 405)

The Government anticipates that the Defendant will put on a defense that includes arguing the Defendants lack of knowledge, intent, preparation, planning or identity. Fed. Rules of Evidence 404 and 405 allow for the admission of such evidence but limit its scope and the way in which such evidence is offered.

Rule 404(a)(1) sets forth the general prohibition against the use of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait." However, Rule 404((a)(2)(A) outlines an exception for criminal cases. This exception states, "a defendant may offer evidence of the defendant's pertinent trait which may be proved by testimony about the person's reputation or by testimony in the form of an opinion." See, Fed. Rule of Evidence 405(a); *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002) (a pertinent character trait is one that is relevant to the offense charged). However, Fed. Rule of Evidence 405(b) prohibits the defendant's character witnesses from offering specific instances of conduct unless the pertinent trait is an essential element of the charge, claim or defense. A defendant may introduce evidence of his "law abiding" character whether or not he testifies. *Darland v. United States*, 626 F.2d 1235 (5th Cir. 1980).

The 5th Circuit has determined that evidence of previous "good acts" are not relevant character evidence. *United States v. Marrero*, 904 F.2d 251, 259 (5th Cir. 1990); *United States v. Hudson*, 2011 U.S. Dist. LEXIS 128661 (ED. La. 2011) (the defendant was precluded from introducing specific evidence of his military history); *United States v. Warren*, 2010 U.S. Dist.

LEXIS 124063 (E.D. La. 2010) (court excluded one of the defendant's photographs depicting the defendant in rescue operations that he conducted in the wake of Hurricane Katrina).

In *United States v. Wells*, 525 F.2d 974, 976 (5th Cir. 1976) the Court explained that once a witness has testified concerning a defendant's good character, it is permissible during cross-examination to attempt to undermine his/her credibility by asking whether he/she has heard of prior misconduct of the defendant which is inconsistent with the witnesses' direct testimony.

The Government requests that the Court require the Defendant, before putting a character witness on the stand, (1) to inform the Court what pertinent character trait the witness will testify about, (2) to instruct the witness that he/she can only testify as to the their opinion or the Defendant's reputation in the community regarding the pertinent character trait, and (3) to admonish the witness that he/she cannot testify about any specific instances of good conduct.

Further, evidence of extrinsic prior crimes or bad acts is admissible if, as required by Federal Rule of Evidence 404(b)(1) the evidence is relevant to an issue other than the defendant's character, and (2) its probative value is not substantially outweighed by its prejudicial impact. *See United States v. Beechum*, 582 F.2d 898 (5th Cir.1978). District court decisions to admit evidence of prior bad acts under Rule 404(b) are reviewed under a heightened abuse of discretion standard. *See United States v. Mitchell*, 484 F.3d 762, 774 (5th Cir. 2007). In order to qualify as prior conduct under 404(b), there is no requirement that the prior bad act result in conviction or that even formal charges be filed. *See United States v. Williams*, 299 F.3d. App'x 324, 326-27 (5th Cir. 2008); *Gonzalez-Lira*, 936 F.2d at 189.

Under Rule 404(b), prior bad acts introduced to prove knowledge, intent, motive, plan, lack of mistake, or identity are admissible as long as the probative value of the prior convictions exceeds their prejudicial effect. *See United States v. Gonzalez-Lira*, 936 F.2d 184, 189 (5th Cir. 1991) (citing *Beechum*, 582 F.2d at 911). In *United States v. Beechum*, the Fifth Circuit outlined a two-step test to determine the admissibility of evidence of a defendant's prior wrongful acts. *See* 582 F.2d 898, 910 (5th Cir. 1978). "Under *Beechum*, evidence of extrinsic offenses is admissible if it is (1) relevant to an issue other than the defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002), *cert. denied*, 536 U.S. 934 (2002) (emphasis added).

The test set forth by the *Beechum* court is one that favors inclusion, rather than exclusion. The only exception to this general rule of inclusion is where the sole purpose of the evidence is to prove character. *See United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983), *cert. denied*, 465 U.S. 1067 (1984). Additionally, the district court may easily minimize any prejudicial effect by instructing the jury that it can only consider the bad acts for the limited purpose of showing intent, plan, knowledge, identity, absence of mistake or accident, and motive. When courts take those two steps, the Fifth Circuit has consistently found no abuse of discretion. *See United States v. Cockrell*, 587 F.3d 674, 680 (5th Cir. 2009) (citing *Beechum*, 582 F.2d at 917; *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996)).

Where a defendant enters a not guilty plea, the issue of intent is sufficiently raised to admit extrinsic evidence under the first prong of the *Beechum*. *See United States v. Telles-Sanchez*, 614 Fed. Appx. 723, 724 (5th Cir. 2015) (citing *Beechum*, 582 F.2d at 911; *United States v. Olguin*, 643 F.3d 384, 389–90 (5th Cir.2011)). Thus, where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and satisfies the first step in *Beechum*. The similarity in intent required between the extrinsic and charged conduct only necessitates that the defendant "indulge himself in the same state of mind in the perpetration of both ... offenses." *United States v. McMahon*, 592 F.2d 871, 873 (5th Cir.1979) (quoting *Beechum*, 582 F.2d at 911))).

While prior bad acts pose some threat of prejudice, the rule 403 balancing test requires exclusion only where the court believes there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that such risk is disproportionate to the probative value of the offered evidence. *See Cockrell*, 587 F.3d at 679 (citing *Beechum*, 582 F.2d at 915 n. 20). Moreover, a bald assertion that the probative value of the extrinsic evidence is substantially outweighed by its prejudicial effect does not show an abuse of discretion. *See Cockrell*, 587 F.3d at 679. Finally, any risk of unfair prejudice can be further minimized by the Court's jury instruction that the evidence could be considered only for the "very limited" purpose of determining whether the Defendant had the requisite intent or state of mind to commit the charged offense. *See Telles-Sanchez*, 614 Fed. App'x at 725 (citing *United States v. McCall*, 553 F.3d 821, 829 (5th Cir.2008);

9

*Zafiro v. United States*, 506 U.S. 534, 540, 113 S.Ct. 933 (1993) (stating that a jury is presumed to follow its instructions)).

                                              Respectfully submitted

                                              JENNIFER B. LOWERY
                                              United States Attorney

                                              ***/s Lisa M. Collins***
                                              Lisa M. Collins
                                              Assistant United States Attorney
                                              1000 Louisiana
                                              Suite 2300
                                              Houston, Texas 77006
                                              713-567-9000 (office)

## CERTIFICATE OF SERVICE

On November 8, 2023, the Government filed this Trial Brief via ECF and served counsel of record.

                                              ***/s Lisa M. Collins***
                                              Lisa M. Collins
                                              Assistant United States Attorney