UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO.: 4:21-cr-82 |
| | § | |
| EDWIN OLIVARES-CALDERON and | § | |
| | § | |
| MARCOS OLIVARES-CALDERON | § | |

## **DEFENDANTS' MOTION FOR MISTRIAL AND DISMISSAL WITH PREJUDICE**

The government has displayed a pattern of absolute disregard for its disclosure obligations under both bedrock constitutional principles and this Court's specific discovery orders in this case. Most recently, on the third day of trial, the defense discovered that the government had failed to disclose four reports, three sets of notes, and two audio recordings from interviews with confidential informants containing never-before-seen inculpatory information, *Brady* material, and impeachment evidence. Whether the government's conduct was intentional or not, this amounts to nothing short of impermissible trial by ambush, and prejudices the defendants' right to a fair trial.

Although these dilatory witness statements represent the most egregious due process violation to date, they are only the latest in a long line of misconduct that has made it impossible for defense counsel to provide the effective representation to which their clients are entitled under the Sixth Amendment of the United States Constitution. The jury's view of the case has already been tainted by hearing evidence from at least two witnesses who had awareness of information that was not produced to the defense until mid-trial, and justice demands the Court declare a mistrial as a result. Allowing the government to retry this case would only reward its behavior by allowing it a second bite at the apple with the opportunity not only to introduce additional evidence,

but also to do so with the gained knowledge of the defense's theories and strategies that it has ascertained through the trial thus far.

Accordingly, Defendants Edwin Olivares-Calderon and Marcos Olivares-Calderon (collectively, "Defendants") move for a mistrial and dismissal of the indictment with prejudice, and would respectfully show as follows:

**I.     BACKGROUND**

***A. A Brady Order has been in place for nearly three years.***

On March 3, 2021, one week after this case was initially filed, Judge Christina Bryan signed an order requiring the government to comply with its disclosure obligations under *Brady v. Maryland* and its progeny, and notifying the government that sanctions for failing to comply with the order could result in excluding evidence, giving adverse jury instructions, granting a new trial, dismissing the case, or finding the government in contempt.

***B. The government already had a second chance regarding discovery abuse.***

This case was previously scheduled for trial on December 11, 2023. In the months leading up to trial, defense counsel repeatedly corresponded with the government about deficiencies in the government's discovery – the government was sometimes responsive, and sometimes, not. At the Pre-Trial Conference on December 8, 2023, defense counsel notified the Court that approximately half of the items on the government's Exhibit List had either been produced within the week leading up to the trial setting or not been produced at all. The defense moved to exclude the untimely evidence. The government acknowledged its failures regarding the discovery, but requested that a continuance be granted instead to cure the prejudice that would otherwise result. The Court strongly admonished the government to promptly produce all remaining discovery to which the defense was entitled, ordered that any exhibit produced after December 13, 2023 would be excluded, and continued the trial to January 22, 2024.

Additionally, on December 11, 2023, the Court granted eight discovery motions filed by the defense (*See* Dkt. Nos. 81–88, 128–135). Among these were a motion for early disclosure of Jencks Act material and a motion for discovery, which required the government to produce (among other things) the following at least 20 days before trial:

- All statements made by any party or witness to this alleged offense, in the possession of or within the knowledge of the government or any of its agents, including any law enforcement agency, whether such statements were written or oral, which might in any manner be material to either the guilt or innocence of the defendant or the punishment, if any, to be set in this case. (Dkt. No. 82, ¶ 5).

- Any and all statements of the co-defendants or alleged "co-conspirators" herein whether written or oral, subsequently reduced to writing, tape recorded, transcribed or summarized in agents' reports, or copies thereof, within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence would or may become known to the attorneys for the government. [Rule 16(a)(1)(A), Federal Rules of Criminal Procedure.] (Dkt. No. 82, ¶ 10).

- The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal body or otherwise officially narrated in relation to the defendant, the investigation or the facts in this case. (Dkt. No. 82, ¶ 18).

- The existence and identification of each occasions on which each witness who was or is an informed, accomplice, co-conspirator, or expert has testified before any court, grand jury or other tribunal body in connection with the matters raised in this indictment. (Dkt. No. 82, ¶ 19).

As discussed below, the government failed to comply with these orders.

### C. This is not the first time the government has failed to produce prior statements by witnesses.

On the eve of trial, the defense discovered a reference in the grand jury testimony of HSI Special Agent Eric Munson to prior trial testimony by a confidential informant. Defense counsel reached out to the government, who confirmed that the confidential informant was Edwin Santos Mejia, a designated witness in this case who had testified in a prior state trial against Defendant Marcos Olivares-Calderon. Neither of the defense counsel in this case were involved in that prior trial. However, one of the prosecutors in the instant case had handled the prior matter in her earlier

role as an Assistant Harris County District Attorney. The prosecutor was certainly aware of the confidential informant's trial testimony, as she had conducted the direct examination herself. Nevertheless, the government did not provide that transcript until January 23, 2024, after being ordered (again) to do so by this Court on the morning of trial.

### D. The government's misconduct has continued into the trial of this case.

On January 24, 2024, three days into the trial of this case, the government's fifth witness, Kevin Gonzales-Cortes, revealed during cross examination that he had previously participated in interviews with law enforcement regarding the alleged conspiracy at issue while acting as a confidential informant. Although at least two of these interviews were recorded and memorialized in notes, neither the recordings nor the notes were produced to the defense before trial. Both of these statements are obvious *Jencks* material and were expressly ordered by this Court to be produced at least 20 days before trial. Even worse, one of the interviews contains detailed and, if true, highly prejudicial information regarding the involvement of Defendant Edwin Olivares-Calderon that had never before been produced in any form. Astonishingly, it appears these statements were readily available in law enforcement's files, as HSI Special Agent Eric Munson was able to confirm their existence within the short time it took for the Court to conduct a regularly scheduled afternoon break.

Hours later, at approximately 8:30 PM, the government produced—for the first time—four additional reports and one additional set of notes from interviews with the two confidential informants designated to testify in this case. Each of these reports likewise contains information regarding the Defendants, their alleged co-conspirators, and the manner and means of the alleged conspiracy. One of them contains an entire section discussing the alleged robbery, including

previously undisclosed information and details regarding Defendant Marcos Olivares-Calderon that had not been provided in any of the formal reports previously produced to the defense.

Troublingly, Special Agent Munson, the government's case agent and a key witness who has sat at counsel table with the government's attorneys through the entirety of the trial, is the person conducting the audio interviews of the confidential informant witnesses and the author of the reports. Munson certainly was aware of the existence of these recordings and reports, yet chose to remain silent when the Court addressed this issue with the government.

## II. MISTRIAL AND DISMISSAL WITH PREJUDICE BASED ON GOVERNMENTAL MISCONDUCT

The Fifth Circuit has noted that governmental misconduct requires dismissal of an indictment if the misconduct is "so outrageous" that it violates the principle of fundamental fairness under the due process clause of the Fifth Amendment. *United States v. Mauskar*, 557 F.3d 219, 231–32 (5th Cir. 2009). Defendants therefore move to dismiss the indictment with prejudice based on outrageous government misconduct. *See United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008).

### A. *The government has been grossly negligent in prosecuting Defendants.*

Dismissal of an indictment under the court's supervisory powers is justified by government misconduct that is intentional or by "gross negligence in prosecuting [a] case [that] has actually prejudiced the defendant." *United States v. Fulmer*, 722 F.2d 1192, 1195 (5th Cir. 1983). In *Fulmer*, the Fifth Circuit determined that even though the government's misconduct was inadvertent and not intentional or grossly negligent, the indictment should have been dismissed. *Id.* at 1196.

The governmental misconduct in this case has amounted to gross negligence. Prior to trial, rather than being provided with full discovery upon the defense's written request, the defense was

forced to engaged in a protracted effort of teeth-pulling in order to obtain clearly discoverable information. The trial was previously delayed because of the government's failure to provide discovery, and the govenrment was strongly admonished by the Court. The government still failed to provide full discovery. The government was told through a series of written orders to provide full discovery including information discoverable under *Jencks* and *Brady*. The government still failed to provide full discovery.

With respect to confidential informants,, it has become apparent that the government failed to do so on at least two occasions—first, by failing to provide testimony from a confidential informant's prior testimony in Defendant Marcos Olivares-Calderon's trial in state court, and again by failing to provide recorded interviews with two confidential informants in this case. The pattern of government failures to fully disclose discoverable information gives the defense great pause and grave concern that all discovery still has not been provided.

Notably, both times the omissions were discovered, the government was able to procure the relevant discovery materials within short order, showing that it had simply failed to even attempt to comply with its discovery obligations or the Court's orders on prior occasions. In fact, on the evening of January 25, 2024, after three days of trial testimony, the government produced seven additional "debriefs," reports, and interviews with the informants that defense counsel had not previously received.

**B. *Defendants have been prejudiced by the government's gross negligence.***

Defendants have been actually and substantially prejudiced by the government's negligence. The confidential informant recordings and their accompanying notes contain a significant amount of information that defense counsel had never heard before. The government's confidential information testified to some of the information, which was extremely prejudicial to

Defendants. Other information, such as the fact that the confidential informant did not see Edwin Olivares-Calderon at the tire shop, is exculpatory and should have been provided under *Brady* and its progeny. Still other information in the statements is inconsistent with the confidential informant's trial testimony, such as his statements regarding who placed the tracker on the vehicle that was the alleged robbery target. Defense counsel are unable to prepare an effective defense when they are forced to reevaluate their cases on a daily basis.

Furthermore, defense counsel were forced to stop preparing to cross examine the government's listed witnesses during trial the next day to review and evaluate new information received mid-trial. On Wednesday afternoon, in addition to providing an hour and a half of audio recordings, the government produced seven reports and "debriefs" comprising 32 pages that undersigned counsel had never previously seen. Several of these reports were written by Special Agent Eric Munson, who already testified on the government's behalf. Undersigned counsel was deprived of its opportunity to question Special Agent Munson on his reports during their cross examinations.

Because of the extreme prejudice suffered by the Defendants due to the government's outrageous misconduct, the Court should dismiss the indictment with prejudice. *See Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008).

### C. Less severe sanctions will be insufficient to cure the prejudice and will reward the government's misconduct.

Dismissal of the indictment with prejudice is the only way to cure the prejudice caused by the government. Retrial after three days of testimony would only advantage the government by allowing it to strengthen its witnesses' testimony based on the knowledge gained from the information that has been revealed so far. *See United States v. Bundy*, 968 F.3d 1019, 1043 (9th

Cir. 2020). The government could also perfect its opening statement and modify its voir dire in light of what it learned about the Defendants' case theories and strategies during this trial. *See id.* at 1044. Allowing the government to re-try the case would prejudice the Defendants and reward the government.

### III. CONCLUSION

The government must be sanctioned for failing to comply with its discovery obligations and court orders in order to protect the rights of the defendants in this case and deter such conduct in the future. These obligations impact the constitutional rights of criminal defendants, and the government's failure to comply can lead to a gross miscarriage of justice. Had defense counsel not been as persistent in its pusuit of discovery, the material information that has come to light during trial never would have been disclosed.

Defense counsel prepared for trial, seated a jury, made an opening statement, and elicited testimony without the beneift of information that should have been provided to them. The jury has heard extremely prejudicial testimony for which defense counsel was afforded no opportunity to effectively prepare. For these reasons, Defendants request that the Court grant a mistrial and dismiss the indictment with prejudice.

| | |
|---|---|
| Date: January 25, 2024 | Respectfully submitted,<br><br>**DAVID A. NACHTIGALL,<br>ATTORNEY AT LAW, PLLC**<br><br>/s/ David A. Nachtigall<br>David A. Nachtigall<br>State Bar No. 24049076<br>Federal Bar No. 1358606<br>1545 Heights Blvd., Suite 100<br>Houston, Texas 77008<br>Tel 713.229.0008<br>Fax 713.650.1602<br>*david@dntriallaw.com*<br><br>**ATTORNEY FOR DEFENDANT<br>MARCOS OLIVARES-CALDERON**<br><br><br>**LOCKE LORD LLP**<br><br>*/s/ Nick Dickerson*<br>Nick Dickerson<br>  S.D. Tex. ID No. 1122160<br>  Texas State Bar No. 24068560<br>  ndickerson@lockelord.com<br>Emily Hoy<br>  S.D. Tex. ID No. 3697097<br>  Texas State Bar No. 24122945<br>  emily.hoy@lockelord.com<br>600 Travis Street, Suite 2800<br>Houston, Texas 77002<br>(713) 226-1200 (Telephone)<br>(713) 223-3717 (Facsimile)<br><br>**ATTORNEY FOR DEFENDANT<br>EDWIN OLIVARES-CALDERON** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2024, I filed the foregoing through the CM/ECF system, which will give notice of the same to counsel for the government and co-defendant.

*/s/ Nick Dickerson*
Nick Dickerson