UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | CRIMINAL NO.:  4:21-cr-82 |
| EDWIN OLIVARES-CALDERON | § § | |

## DEFENDANTS' BENCH BRIEF REGARDING UNCHARGED OFFENSES OF COOPERATING GOVERNMENT WITNESSES

The Court should allow the defense to explore the government's witnesses' motivation and biases by questioning them regarding their prior uncharged and unadjudicated offenses that the government knows about but for which the witnesses have not been prosecuted.

Uncharged and unadjudicated offenses go directly to the witnesses' bias and motive to curry favor with the government. The Confrontation Clause of the Sixth Amendment guarantees a defendant the right to cross-examine the witnesses against him, and it is "the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974). The Supreme Court has held that the Confrontation Clause is violated when a defendant is denied the right "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness" and that denying defendants "the right of effective cross-

1

examination . . . would be constitutional error of the first magnitude." *Id.*; *United States v. Jimenez*, 464 F.3d 555, 561 (5th Cir. 2006).

Exploring the motivation of a witness for testifying is an important aspect of the right to confrontation. *Davis*, 415 U.S. at 316–17. "[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 680, (1986) (quoting *Davis*, 415 U.S. at 318). In *Van Arsdall*, defense counsel was precluded by the trial court from questioning a witness about the State's dismissal of a pending public drunkenness charge against him. The Supreme Court concluded, "[b]y thus cutting off all questioning about an event . . . that a jury might reasonably have found furnished the witness a motive for favoring the prosecution in his testimony," the trial court's ruling violated the defendant's rights under the Confrontation Clause. *Id.* at 679.

"[A] witness's possible biases, prejudices, or 'motivation' are 'subject to exploration at trial, and [are] always relevant as discrediting the witness and affecting the weight of the testimony.'" *United States v. Alexius*, 76 F.3d 642, 645 (5th Cir. 1996) (citing *Davis v. Alaska*, 415 U.S. at 315). In *Alexius*, the Fifth Circuit reversed a conviction where the district court did not allow the defense to question a government's witness about pending felony and state charges. Outside the presence of the jury, the witness testified that he had received no promises for his willingness to testify and did not know if his decision

2

to testify would help him with his pending charges. The district court refused to allow the defense to question the witness regarding his pending charges in the presence of the jury because it "did not believe there was any indication that [the witness] has a bias or motive for testifying." The Fifth Circuit noted that at the time of the trial, the witness was in a "vulnerable status" with respect to the government and that the accuracy and truthfulness of the witness's testimony were key elements in the case against the defendant. The Fifth Circuit also held that the error was not harmless merely because there had been no formal agreement and therefore no specific hope of leniency—cross-examination into the basis of such motive or bias could have affected the jury's assessment of the witness's testimony.

Where a cooperating witness has been offered a deal that puts him in a better position than the defendant for involvement in the same conspiracy, there is a significant risk of potential bias. The more important the witness is to the government's case, the more important it is to allow thorough cross-examination. *See United States v. Leake*, 642 F.2d 715, 719 (4th Cir. 1981) (holding that the district court's limitation of defense counsel's cross-examination of the government's witness was "clearly prejudicial error" where the district court refused to allow the defense to ask questions regarding "prior conduct not resulting in convictions or arrest.").

Here, the government is aware of several offenses that the confidential informant and cooperating witness (Edwin Santos Mejia and Kevin Gonzales Cortes) have committed, but that they have never been charged with or convicted of. These include kidnapping, robbery, theft, possession of a firearm, and immigration charges. As in *Alexius*, the witnesses here are in a vulnerable position with respect to the government and are a

3

crucial part of the government's case. The witnesses have an added incentive to curry favor with the government when they otherwise could be prosecuted for not just the offenses outlined in the indictment, but several other serious, unrelated charges. The fact that the government's witnesses could face lengthy prison time and deportation if they do not cooperate with this prosecution tends to show these witnesses' biases, prejudices, and motives. In other words, the existence of these uncharged and unadjudicated offenses furnishes a motive for the witnesses to favor the prosecution in their testimony. Exploring these motives is the defendants' constitutional right.

    For these reasons, the defense respectfully requests the Court to allow questioning of the government's witnesses regarding these uncharged and unadjudicated offenses for the purpose of demonstrating the witnesses' bias, prejudice, and motive for testifying.

143312693

Dated: February 6, 2025

Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Nick Dickerson*
Nick Dickerson
S.D. Tex. ID No. 1122160
Texas State Bar No. 24068560
ndickerson@troutman.com
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)

Emily Hoy
S.D. Tex. ID No. 3697097
Texas State Bar No. 24122945
ehoy@ghmfirm.com
Gerger Hennessy Martin Peterson
700 Louisiana Street, Suite 2350
Houston, Texas 77002
(713) 224-4400 (Telephone)

**ATTORNEYS FOR DEFENDANT
EDWIN OLIVARES-CALDERON**

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record via hand delivery at the pretrial conference on February 6, 2025 and via ECF filing on February 7, 2025.

*Nick Dickerson*
Nick Dickerson

143312693